UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WENDY STACHOWIAK

        Plaintiff,

  v.                                       Case No. 07-C-629

MICHAEL ASTRUE,

        Defendant.

## DECISION AND ORDER

Plaintiff Stachowiak has filed an action seeking review of the decision of the Commissioner of Social Security. Plaintiff first filed for disability benefits in 2002, and due to an administrative appeal and a remand, the final decision of the Commissioner was not issued until 2006. (Tr. 12-18.) For the reasons given below, the decision of the Commissioner will be affirmed.

Plaintiff appeared before the ALJ alleging both psychological and physical conditions. At the time of the 2006 hearing, she was forty-two years old and had little past work history. Her principal physical complaints involved arm and shoulder pain, as well as pain in her hand and knees. She also alleged psychological problems including anxiety and depression. The ALJ reviewed the medical evidence in the record and concluded that she suffered from severe impairments in her left shoulder and left knee, as well as depression. Much of the medical evidence, including past surgeries, supported some level of disability and explained chronic shoulder pain. The ALJ discounted some of her complaints of pain, however. He noted that she continued engaging in

activities involving physical exertion (including rock climbing), and found that these activities were consistent with a continued ability to engage in some form of gainful employment.

Summarizing Plaintiff's condition, the ALJ concluded that Plaintiff was limited to light work. She could be expected to walk and sit throughout the day, as well as lift light objects, but she would be precluded from using her left arm over her head. She would also need to find an unskilled job that would allow her to be "off task" for five percent of the time. (Tr. 16.) A vocational expert testified that several thousand jobs (e.g., cashier, counter clerk) existed in Wisconsin that would meet those requirements. Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the regulation.

In her appeal, Plaintiff does not specify any particular error that the ALJ committed. Instead, she simply asserts that the combination of physical and psychological impairments leaves her with no residual functional capacity to work. I thus review the ALJ's decision to see if it is supported by substantial evidence, and I conclude that it is. *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). Most importantly, there is nothing within the record that would support the suggestion that the Plaintiff's arm and shoulder pain are completely disabling. The records show evidence of a past surgery in her shoulder, as well as treatment for pain in her arm and hip. They also show psychological treatment. But nowhere in the record do any of the treating physicians explain why the Plaintiff's arm and shoulder pain or psychological problems (or their combination) prevent her from maintaining a residual functional capacity.

Importantly, some of the evidence in the record comes after her last-insured date of June 30, 2001. This post-insured-date evidence includes complaints of pain that arose while Plaintiff exerted herself (e.g., shoveling snow and working at a greenhouse), which strongly suggests she was not

2

disabled *prior* to her last insured date. In particular, her visits to Dr. Buck suggested ample physical abilities. After a July 2, 2002 visit in which she complained of tendinitis in her left shoulder, Buck noted that she "has been quite busy gardening etc. She has been quite physically active with the shoulder." (Tr. 279). Despite this, she "has essentially full motion about the left shoulder today without significant apparent difficulty." This followed a number of almost weekly doctor visits that summer, in most of which she complained of shoulder pain due to gardening activities. In his report after a July 30 visit, for example, Dr. Buck notes that she "has been working quite hard and quite physically." (Tr. 278.) The ALJ was entitled to consider this evidence as undercutting the conclusory physician opinions suggesting that Plaintiff was disabled. The evidence surely supports the conclusion that Plaintiff's shoulder was causing pain, and the ALJ adopted that limitation into his analysis. But nowhere is there any evidence that the pain was so crippling that Plaintiff could not work at a standard cashier or clerk job.

In her reply brief Plaintiff asks the Court to consider a number of treating physician opinions, some of which are part of the record already (some apparently are not). This is not a *de novo* proceeding, however – the point is to determine whether the administrative agency charged by Congress with awarding benefits lived up to its duties and provided due process. Counsel asks for lenience on the ground that Plaintiff brought this appeal *pro se*, but that is of no moment: one's *pro se* status does not change the mission of a reviewing court, which is to determine whether the ALJ's decision was supported by substantial evidence. (Moreover, I note that Plaintiff was represented by counsel before the ALJ and is currently also represented by different counsel.)

3

Just as importantly, the opinions do not justify a remand.[1] Many of these opinions are from physicians who had not seen Plaintiff prior to her last insured date. More troubling is the fact that these opinions (as Plaintiff concedes) are wholly conclusory. None of the opinions (nor any medical evidence in the record) explains why pain that may be disabling to a shoulder or arm would wholly incapacitate an individual and prevent otherwise gainful activity. This is especially true, as the ALJ recognized, when the Plaintiff engaged in post-insured-date activities that appeared to exacerbate pre-existing problems and demonstrated that her earlier problems were not as severe as they may have become later. The administrative process is slow and expensive: Congress surely could have opted to bypass the process entirely and allow treating physicians to have the last word on determining who is disabled. But Congress did not do so, and it is thus not for administrative law judges or courts to blindly defer to physician opinions without critical analysis, especially when those opinions are not backed up by the medical records and are partly undermined by the Plaintiff's own activities.

In sum, the ALJ reviewed the record and provided sound reasons for finding the Plaintiff able to engage in a number of low-exertion jobs in the economy. Plaintiff has not challenged the opinion of the vocational expert, and the medical evidence in the record does not support the conclusion that Plaintiff's pain and psychological problems would preclude her from working in such jobs. Accordingly, the decision of the Commissioner is AFFIRMED.

Dated this ___18th___ day of August, 2008.

                                                                s/ William C. Griesbach
                                                                William C. Griesbach
                                                                 United States District Judge

---

[1] Plaintiff has not sought a remand to the Commissioner.